# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARLTON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:10CV728 |
| | ) |
| BARRY SNYDER, | ) |
| | ) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the complaint is such that serious flaws make it impossible to further process this Complaint. The problems are:

1.     The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. *See* LR 7.1(f).

2.     Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

3.     It does not appear that Plaintiff is raising any proper claims under § 1983. First, it seems he is using the Complaint to attack a state court criminal conviction. Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). He has not made such a showing. Second, the only defendant named in his case is his former defense attorney. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable

to suit under § 1983. This is true whether the attorney is privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (no state action where public defender performs traditional functions as a lawyer). Plaintiff must bring valid claims if he files a new complaint.

Consequently, this particular Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

      /s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

September 22, 2010